David R. Giles
Attorney at Law
34 Rynda Road
South Orange, New Jersey 07079
973-763-1500
davidgiles@davidgileslaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.S. and S.S., on behalf of A.S., <br><br> Plaintiffs, <br><br> v. <br><br> WEST MORRIS REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION. <br><br> Defendant. | Civil Action <br><br> Case No. 2:22-00561-EP-ESK <br><br> **CERTIFICATION OF DAVID R. GILES IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

David R. Giles, being of full age, states as follows:

1. I represent Plaintiffs in the above-captioned matter and in the related special education due process hearing pending before the New Jersey Office of Administrative Law.

2. A copy of the summons and complaint was served on Defendant, WEST MORRIS REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, on February 4, 2022, and the return of service of the undersigned attorney is on file (ECF 5).

3. Defendant has not answered or otherwise appeared in the above-entitled action. The time for appearance has expired. Defendant's default has been entered.

4. Since the Verified Complaint (ECF 1) and application for an order to show cause (ECF 1-4 to ECF 1-9) were filed, the related special education due process hearing has begun before the Office of Administrative Law.

5. Hearings took place on June 1, June 3, and June 22, 2022, and a fourth hearing is scheduled to take place on August 3, 2022.

6. Of particular relevance to this motion, the testimony introduced at the hearing has indisputably demonstrated that the term "curb-to-curb transportation" as used in A.S.'s stay-put IEP was understood by A.S.'s prior Special Education Case Manager who prepared that IEP, her current Special Education Case Manager from the West Morris Regional High School District, and the West Morris Regional High School District's Transportation Supervisor to mean drop-off and pick-up in front of a student's house.

7. There was no evidence introduced at the hearing that indicated that anyone understood the term to mean anything different, and there are no further witnesses anticipated who might testify that the term means anything different.

8. Accordingly, as explained in Plaintiffs' Brief filed in support of her application for an order to show cause (ECF 1-6), under IDEA's stay-put provision, Defendant is required to maintain A.S.'s current educational placement as set forth in her stay-put IEP, and, therefore, to provide her with the curb-to-curb transportation as called for in that IEP, which consists of transportation to and from school with a pick-up and drop-off in front of her house, pending a final resolution of the underlying special education due process hearing.

9. Consequently, Defendant should be ordered to provide the same beginning in September when school resumes until a final resolution is reached in the underlying special education due process hearing.

10. Defendant should also be ordered to pay Plaintiffs' attorney's fees upon a timely application for same.

11. Defendant is not an infant or incompetent person and is not in the military service of the United States.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 6, 2022                s/David R. Giles
                                   Attorney for Plaintiffs