UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.S. and S.S., on behalf of A.S.,<br><br>Plaintiffs,<br>v.<br><br>WEST MORRIS REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION,<br><br>Defendant. | Civil Action<br><br>Docket No.: 2:22 cv 0561<br><br>**ANSWER TO VERIFIED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, West Morris Regional High School District Board of Education ("Board" or "Defendant"), by and through its attorneys, hereby responds to the Verified Complaint filed by Plaintiffs J.S. and S.S., on behalf of A.S. ("Plaintiffs"), as follows:

## JURISDICTION

1. Paragraph 1 contains no factual allegations against Defendant to which a response is necessary. Further answering, the allegations contained in Paragraph 1 calls for conclusions of law to which no response is required and Plaintiffs are left to their proofs.

## VENUE

2. Paragraph 2 contains no factual allegations against Defendant to which a response is necessary. Further answering, the allegations contained in Paragraph 1 calls for conclusions of law to which no response is required and Plaintiffs are left to their proofs.

## PARTIES

3. Paragraph 3 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, admitted.

4.       Paragraph 4 contains no factual allegations against Defendant to which a response is necessary.  Further answering, Paragraph 4 is denied as the allegations contained therein call for legal conclusions to which no response is necessary and Plaintiffs are left to their proofs.

5.       Paragraph 5 contains no factual allegations against Defendant to which a response is necessary.  To the extent an answer is required, admitted.

6.       Paragraph 6 is denied as the allegations contained therein call for legal conclusions to which no response is necessary and Plaintiffs are left to their proofs.  To the extent an answer is required, admitted.

## FACTS

7.       Paragraph 7 contains no factual allegations against Defendant to which a response is necessary.  To the extent an answer is required, admitted.

8.       Admitted that A.S. is currently a high school freshman.  The remainder of Paragraph 8 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the allegations regarding A.S.'s brother contained in Paragraph 8 are not related to the parties in this action and for this reason this defendant makes no response thereto.

9.       Paragraph 9 contains no factual allegations against Defendant to which a response is necessary.

10.      Paragraph 10 contains no factual allegations against Defendant to which a response is necessary.  Further answering, the IEP is a writing which speaks for itself, and all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.  Lastly, the allegations regarding A.S.'s brother and other students contained in paragraph 10 are not related to the parties in this action and for this reason this defendant makes no response thereto.

11. Paragraph 11 contains no factual allegations against Defendant to which a response is necessary. Further answering, the allegations contained in Paragraph 11 are not related to A.S.; and for this reason, Defendant makes no response thereto.

12. Paragraph 12 contains no factual allegations against Defendant to which a response is necessary. Further answering, the IEP is a writing which speaks for itself and any characterization thereof is denied, and Plaintiffs are left to their proofs.

13. Paragraph 13 contains no factual allegations against Defendant to which a response is necessary.

14. Paragraph 14 contains no factual allegations against Defendant to which a response is necessary. Further answering, inasmuch as the IEP is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

15. Paragraph 15 contains no factual allegations against Defendant to which a response is necessary. Further answering, inasmuch as the IEP is a writing which speaks for itself and any characterization thereof is denied, and Plaintiffs are left to their proofs.

16. Inasmuch as the IEP is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

17. Paragraph 17 contains no factual allegations against Defendant to which a response is necessary.

18. Denied.

19. Paragraph 19 contains no factual allegations against Defendant to which a response is necessary.

20. Inasmuch as the IEP is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

21. Denied as stated. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 21, and therefore leaves Plaintiffs to their proofs.

22. Paragraph 22 contains no factual allegations against Defendant to which a response is necessary.

23. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 23, and therefore leaves Plaintiffs to their proofs. Paragraph 23 contains no factual allegations against Defendant to which a response is necessary.

24. Denied as stated.

25. Admitted only that the District secured A.S.'s placement at Sage. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 25, and therefore leaves Plaintiffs to their proofs.

26. Inasmuch as the email is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs. The remaining allegations contained in Paragraph 26 contain no factual allegations against Defendant to which a response is necessary.

27. Denied as stated. The remaining allegations contained in Paragraph 27 contain no factual allegations against Defendant to which a response is necessary.

28. Paragraph 28 contains no factual allegations against Defendant to which a response is necessary.

29. Paragraph 29 contains no factual allegations against Defendant to which a response is necessary.

30. Inasmuch as the email is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

31. Inasmuch as the email is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

32. Inasmuch as the email is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

33. Inasmuch as the email is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

34. Inasmuch as the email is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

35. Admitted only that the District had secured a vendor, Cassidy Transportation, to drive A. S. to school, but it was unable to drop off and pick up A.S. in front of her home for safety reasons. Further answering, the allegations contained in Paragraph 35 are not related to A.S.; and for this reason, Defendant makes no response thereto.

36. Inasmuch as the information from the website is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

37. Denied as stated. Further answering, Paragraph 37 contains no factual allegations against Defendant to which a response is necessary.

38. Inasmuch as the report of Sarah Amador, Ph.D., is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

39. Paragraph 39 contains no factual allegations against Defendant to which a response is necessary.

40. Paragraph 40 contains no factual allegations against Defendant to which a response is necessary.

41. Denied.

42. Paragraph 42 is denied as the allegations contained therein call for legal conclusions to which no response is necessary and Plaintiffs are left to their proofs.

43. Paragraph 43 contains no factual allegations against Defendant to which a response is necessary. Further answering, Further answering, the allegations contained in Paragraph 43 are not related to A.S.; and for this reason, Defendant makes no response thereto.

44. Inasmuch as the Due Process Petition is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

45. Inasmuch as the IEP is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

46. Inasmuch as the IEP is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

47. Inasmuch as the email is a writing and speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

48. Paragraph 48 is denied as the allegations contained therein call for legal conclusions to which no response is necessary and Plaintiffs are left to their proofs. Inasmuch as the IEP is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

49. Admitted.

50. Admitted

51. Paragraph 51 contains no factual allegations against Defendant to which a response is necessary.

52. Paragraph 52 contains no factual allegations against Defendant to which a response is necessary.

53. Admitted that the Board filed its Opposition on January 24, 2022.

54. Paragraph 54 contains no factual allegations against Defendant to which a response is necessary.

55. Paragraph 55 contains no factual allegations against Defendant to which a response is necessary. Further answering, inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

56. Denied as stated. Further answering, inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

57. Denied as stated. Further answering, inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

58. Denied as stated. Further answering, inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied and Plaintiffs are left to their proofs.

59. Denied. Paragraph 59 contains no factual allegations against Defendant to which a response is necessary.

## COUNT I
## VIOLATION OF "STAY-PUT" - IDEA

60. Defendant repeats and reiterates its answers contained in Introduction as if fully set forth herein.

61. Paragraph 61 contains no factual allegations against Defendant to which a response is necessary.

62. Paragraph 62 is denied as the allegations contained therein call for legal conclusions to which no response is necessary and Plaintiffs are left to their proofs.

63. Paragraph 63 is denied as the allegations contained therein call for legal conclusions to which no response is necessary and Plaintiffs are left to their proofs.

64. Denied.

65. Paragraph 65 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

66. Denied.

67. Denied as stated. Further answering, the remaining allegations contained in Paragraph 67 contain no factual allegations against Defendant to which a response is necessary. Lastly, Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hypothetical allegations contained in Paragraph 67, and therefore leaves Plaintiffs to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

At all times relevant to this matter, Defendant, its agents, employees, officers, staff and designee(s) complied with the requirements of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400 et seq., Section 504 of the Rehabilitation Act of 1973, and corresponding federal and State law, and has continually offered and stands ready to provide the student with a free appropriate public education ("FAPE") in the least restrictive environment, and otherwise in conformity with all applicable laws.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Inasmuch as Defendant made available to the student a free, appropriate public education, Plaintiffs are barred from recovery by the 20 U.S.C. § 1400 et seq. and N.J.A.C. 6A:14-2.10 (a).

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Recovery is barred or subject to reduction by N.J.A.C. 6A:14-2.10(c) and 34 C.F.R. § 300.148(d).

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery under the doctrine of collateral estoppel and res judicata.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Any events occurring outside the applicable statute of limitations period are barred.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous and without any reasonable basis in law or fact; cannot be supported by good faith argument for extension, modification or reversal of existing law; and are lacking in evidentiary support.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant reserves the right to seek reimbursement of attorneys' fees as appropriate, pursuant to 34 C.F.R. § 300.517 on the grounds stated therein.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other such defenses as continuing investigation and discovery may indicate.

Respectfully submitted,

CLEARY GIACOBBE ALFIERI JACOBS, LLC

Attorneys for Defendant, West Morris Regional High School District

By**:**   s/Jodi S. Howlett
      JODI S. HOWLETT

Dated:  September 19, 2022

### DESIGNATION OF TRIAL COUNSEL

Jodi S. Howlett, Esq. is hereby designated as trial counsel in this matter.

CLEARY GIACOBBE ALFIERI JACOBS, LLC

Attorneys for Defendant, West Morris Regional High School District

By**:**   s/Jodi S. Howlett
      JODI S. HOWLETT

Dated:  September 19, 2022

## LOCAL CIVIL RULE 11.2 CERTIFICATION

  I, Jodi S. Howlett, Esq., counsel for Defendant, West Morris Regional High School District, hereby certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

              CLEARY GIACOBBE ALFIERI JACOBS, LLC

              Attorneys for Defendant, West Morris Regional High School District

              By**:** s/Jodi S. Howlett
                 JODI S. HOWLETT

Dated:  September 19, 2022


## CERTIFICATION OF FILING AND SERVICE

  I hereby certify that on this 19th day of September 2022, I caused the foregoing Answer and Affirmative Defenses to be electronically filed with the United States District Court for the District of New Jersey and served upon Plaintiffs' counsel, David E. Giles, Esq., via electronic filing.

              By**:** s/Jodi S. Howlett
                 JODI S. HOWLETT

Dated:  September 19, 2022